Laila Thompson, Esq. (SBN: 225882)
laila@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

[Additional firms listed on signature page]

Attorneys for Lori Manasco

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lori Manasco<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>Springleaf Financial Services, Inc., Law Offices of Todd L. Cramer and Todd L. Cramer<br><br>　　　　　　　　Defendants. | Case No: _____<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors,

to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Lori Manasco, through her attorneys, brings this action to challenge the actions of Springleaf Financial Services, Law Offices of Todd L. Cramer (the Law Office) and Todd L. Cramer (Cramer), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Manasco, and this conduct caused Manasco damages.

4. Manasco makes these allegations on information and belief, with the exception of those allegations that pertain to a Manasco, or to a Manasco's counsel, which Manasco alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10. Manasco is a natural person who currently resides in the City of Tustin, County of Orange, State of California.

11. Manasco resides in Orange County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

12. At the time of the substantial part of the events or omissions giving rise to the claim occurred, specifically, Manasco entered into the Loan Agreement and subsequently received communications from Defendants, Manasco was physically located in the County of Riverside, State of California.

13. Because a substantial part of the events or omissions giving rise to the claim occurred in Riverside County, venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2).

14. At all times relevant, Defendants conducted business within the State of California.

## PARTIES

15. Manasco is a natural person who currently resides in Tustin, County of Orange, State of Califoria.  During the operative facts of this case Manasco resided in the County of Riverside, State of California.

16. Defendant Springleaf is located in the City of Corona, in the State of California.

17. Defendants the Law Offices, and Cramer, are located in the City of Fremont, in the State of California.

18. Manasco is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

19. Defendants, the Law Offices and Cramer are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

20. Manasco is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Manasco, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

21. Defendants Springleaf and the Law Office, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

22. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

23. Sometime before September 23, 2013, Manasco is alleged to have incurred certain financial obligations for a personal loan from Springleaf.

24. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

25. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another

person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

26. Sometime thereafter, but before September 23, 2013, Manasco allegedly fell behind in the payments allegedly owed on the alleged debt. Manasco currently takes no position as to the validity of this alleged debt, as it is irrelevant to this action.

27. Sometime thereafter, but before September 23, 2013, Springleaf telephoned Manasco to collect on the alleged debt.

28. On or about September 23, 2014, Manasco sent a letter to Springleaf providing Springleaf with Manasco's current address and cellular telephone, along with a demand that Springleaf stop calling her place of employment.

### TELEPHONE CALL FROM SPRINGLEAF

29. On or about September 25, 2013, Ever Ramos, a representative from Springleaf placed a telephone call to Manasco's cousin and left a voicemail message.

30. In the message, the he identified himself as "Ever with Springleaf."  Mr. Ramos stated that he was calling regarding Manasco and that Springleaf had been provided the telephone number and name as a personal reference of Manasco.

31. Mr. Ramos did not state that his actual intentions for the call were to obtain or confirm location information regarding Manasco.

32. Mr. Ramos provided his call back number as 951-735-7440.

33. Through this conduct, Springleaf used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.  Consequently, Springleaf violated the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17.

34. Except as provided in 15 U.S.C. § 1692b, and without the prior consent of the consumer given directly to the Defendant, and without the express permission of a court of competent jurisdiction, and for a purpose not reasonably necessary to effectuate a postjudgment judicial remedy, Defendant communicated, in connection with the collection of a debt, with a person other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Defendant. Consequently, Defendant violated 15 U.S.C. § 1692c(b), as this is incorporated by Cal. Civ. Code § 1788.17.

35. Springleaf received Manasco's September 23, 2013 letter on September 26, 2014.

### LETTER FROM CRAMER LAW FIRM

36. Subsequently, but before October 4, 2013, Springleaf, retained the Law Office and Cramer for the collection of Manasco's alleged financial obligations to Springleaf.

37. Pursuant to the instructions from Springleaf, the Law Office and Cramer, in the name of Springleaf, on or about October 4, 2014, mailed a dunning letter to Manasco. A few days later, Manasco received that letter.

38. This communication to Manasco was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

39. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

40. The notice in the October 4, 2014 letter Defendants mailed to Manasco stated:

> "I represent Springleaf Financial Services with regard to the loan agreement you entered into with my client on March 12, 2013. Pursuant to the terms of the loan agreement you are

required to make minimum monthly payments. You have defaulted in making the monthly payments, as and when due under the loan agreement, and demand is placed upon you to either bring your monthly payments current, or pay the entire contract balance of the loan in the amount of $3,605.06.

If you fail to either bring your monthly payments current or pay-off the contract balance loan, then my client may have no choice but to proceed with litigation to obtain a judgment for the amount owed under the loan amount and/or possession of any collateral used as security for the loan agreement. Rest assured Ms. Manasco, this is not the first in a series of demand letters. Hearing nothing further from you, my client will have no alternative but to proceed with a lawsuit. If that happens, then you may be responsible for not only the principal amount of the debt, but also for all attorney's fees, costs incurred, and interest.

Unless you notify Springleaf Financial Services within thirty (30) days from the date of this letter that you dispute all or any portion of this debt, the debt will be assumed to be valid. If you submit a written dispute within thirty (30) days from the date of this letter, then Springleaf Financial Services will provide you with written documentation evidencing the debt. This is an attempt to collect a debt and all information obtained will be used for such purpose. The demand for payment does not eliminate your right to dispute this debt within 30 days of receipt of this letter. If you choose to do so, we are required by law to cease our collection efforts until we have mailed that information to you.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at

1-877-FTC-HELP or www.ftc.gov."

41. In this letter, Defendants alleged that should litigation be necessary, Manasco would be liable for Springleaf's attorneys' fees.

42. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e; 15 U.S.C. § 1692e(5); and 15 U.S.C. § 1692e(10), as well as Cal. Civ. Code § 1788.17.

43. Defendants Law Offices and Cramer failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendant in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendant and that Defendant would provide Plaintiff with the name and address of the original creditor. This omission by Defendant violated 15 U.S.C. § 1692g.

44. Because this omission violated the language in 15 U.S.C. § 1692g, Defendants Law Offices and Cramer also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692g, as well as Cal. Civ. Code § 1788.17.

45. Defendants Law Office and Cramer, third party debt collectors, failed, in the first written notice initially addressed to Plaintiff's California address in connection with collecting the alleged debt by Defendants, pursuant to Cal. Civ. Code § 1812.700, and in the manner prescribed by Cal. Civ. Code § 1812.700(b) and Cal. Civ. Code § 1812.701(b), to provide a notice to Plaintiff

as prescribed in Cal. Civ. Code § 1812.700(a).  Consequently, pursuant to Cal. Civ. Code § 1812.702, this omission by Defendants violated the Rosenthal Act.

### THE COMPLAINT

46. Subsequently, on or about October 15, 2013, Defendants filed a Complaint against Manasco in the Superior Court Of California County of Riverside, Case Number RIC 1311944.

47. The Complaint again alleged that Springleaf was entitled to attorneys fees.

48. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken.  Consequently, Defendant violated 15 U.S.C. § 1692e; 15 U.S.C. § 1692e(5); and 15 U.S.C. § 1692e(10), as well as Cal. Civ. Code § 1788.17.

### SUBSEQUENT LETTER

49. On or before December 2, 2013, Manasco retained Henderson Consumer Law to represent her regarding the alleged debt.

50. Subsequently, on December 2, 2013, Sam Henderson, of Henderson Consumer Law wrote a letter to Cramer, and the Law Office, informing them of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. and Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788 violations.

51. Subsequently, Cramer sent Manasco a letter in care of Henderson Consumer Law, stating that "demand is hereby placed upon you to pay the entire outstanding balance...," as opposed to the previously letter in which Defendants provided Manasco the option to pay a lessor amount.

52. The reason for now demanding a greater amount was that Manasco had now invoked her rights under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and Defendants Law Office and Cramer wished to unfairly and unconscionably retaliate by denying Manasco the option to bring

her monthly payments current and continue to pay the monthly loan payments.

53. Through this conduct, Defendants Law Offices and Cramer used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendants violated 15 U.S.C. § 1692f.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

54. Manasco repeats, re-alleges, and incorporates by reference, all other paragraphs.

55. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

56. As a result of each and every violation of the FDCPA, Manasco is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

57. Manasco repeats, re-alleges, and incorporates by reference, all other paragraphs.

58. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

59. As a result of each and every violation of the Rosenthal Act, Manasco is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a);

statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Manasco prays that judgment be entered against Defendant, and Manasco be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

60. Pursuant to the seventh amendment to the Constitution of the United States of America, Manasco is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: August 7, 2014          By: s/Laila Thompson
                                         Laila Thompson, Esq.
                                         Attorneys for Manasco

1  Abbas Kazerounian, Esq. (SBN: 249203)
   **KAZEROUNI LAW GROUP, APC**
2  ak@kazlg.com
3  245 Fischer Avenue, Unit D1
   Costa Mesa, California 92626
4  Telephone: (800) 400-6808
5  Facsimile: (800) 520-5523

6  Samuel Henderson, Esq. (SBN: 279717)
7  **Henderson Consumer Law**
   henderson@hendersonconsumerlaw.com
8  2182 El Camino Real, Suite 202
9  Oceanside, CA 92054
   Telephone: (760) 575-4594
10 Facsimile: (760) 688-3732

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28